**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delrita Wisecarver,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-02486-PHX-DWL<br><br>**ORDER** |

       This is a Social Security appeal. On February 12, 2021, the Court referred the matter to Magistrate Judge Boyle for the preparation of a report and recommendation ("R&R") as to the final disposition. (Doc. 15.) On February 16, 2022, Judge Boyle issued an R&R concluding that the ALJ's decision should be affirmed. (Doc. 25.) Now pending before the Court are Plaintiff's objections to the R&R. (Doc. 26.) For the following reasons, Plaintiff's objections are overruled, the R&R is adopted, and the ALJ's decision is affirmed.

**DISCUSSION**

I.    <u>Legal Standard</u>

       Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. *Id.*

       "Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3) (same).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

II. Analysis

A. **Dr. Koss-Leland**

Plaintiff, who suffered a workplace injury to her back in March 2017 and a cerebrovascular event in October 2017, was examined by Dr. Koss-Leland, a consultative examiner, in November 2018. (Doc. 25 at 3-5.) Dr. Koss-Leland opined that Plaintiff had disabling limitations. (*Id.* at 5-6.) The ALJ concluded that Dr. Koss-Leland's opinions were "unpersuasive" because they were inconsistent with her own examination findings and other medical evidence in the record. (*Id.* at 9.)

One of the arguments raised in Plaintiff's opening brief is that the ALJ erred when discrediting the opinion of Dr. Koss-Leland. (Doc. 22 at 11-14.) The R&R recommends

that this challenge be rejected. (Doc. 25 at 16-20.) As for the ALJ's first proffered rationale for discrediting Dr. Koss-Leland's opinions—inconsistency with Dr. Koss-Leland's own examination findings—the R&R concludes this rationale is supported by substantial evidence because "Dr. Koss-Leland documented full strength, or near-full strength, in every area tested" yet "then used these findings to justify, in part, significant limitations in Plaintiff's ability to lift and carry weights, stand, and walk." (*Id.* at 19-20.) As for the ALJ's second proffered rationale—inconsistency with the medical record as a whole—the R&R concludes that this rationale is also supported by substantial evidence because although "Dr. Koss-Leland opined . . . that Plaintiff was limited to standing and walking for 'closer to 2 hours' in an 8-hour day, and that she was limited to occasional reaching, handling, fingering and feeling," "the ALJ cited specific medical records showing Plaintiff presented without an ambulatory assistive device, with normal upper body strength, and a normal gait," and also "cited specific records indicating Plaintiff presented with a normal gait and station and full strength in June 2017; normal extremity movement, power, and tone without an assistive device in November and December 2017; and independent gait in February 2018," and thus "provided several distinct examples of normal clinical findings from the record." (*Id.* at 19.)

In her objections, Plaintiff argues that the R&R's analysis pertaining to Dr. Koss-Leland was flawed because "[a]ll of the cited records are not close in time to Dr. Koss-Leland's assessment," there is evidence in the record that Plaintiff presented in acute distress during an appointment with a different medical provider in April 2019, the ALJ "failed to explain why the normal exam findings were persuasive and the abnormal exam findings . . . were not persuasive," and "[t]he normal exam findings cited by the ALJ are consistent with further deterioration in [Plaintiff's] symptoms and limitations." (Doc. 26 at 2.)

These objections lack merit. The Court will focus on the ALJ's (and R&R's) determination that Dr. Koss-Leland's opinions were inconsistent with her own examination findings because it provides the most straightforward basis for affirmance. *Cf. Rollins v.*

*Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of treating doctor's opinion because it was internally inconsistent); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (holding, where "[t]he ALJ's specific reason for rejecting Dr. Oh's opinion was that it conflicted with Dr. Oh's treatment notes," that "such a conflict could justify a decision not to give the treating physician's opinion controlling weight"). When evaluating Plaintiff's motor strength and muscle tone and bulk, Dr. Koss-Leland rated Plaintiff's grip strength as 5/5, shoulder extensors/flexors as 4+/5, elbow flexors/extensors as 4+/5, hip flexors/extensors as 4+/5, knee flexors as 4+/5, knee extensors as 5/5, and ankle flexors/extensors as 5/5. (R. 880.) Dr. Koss-Leland also stated that Plaintiff had "[n]ormal bulk and tone" and "no atrophy." (*Id.*) Nevertheless. Dr. Koss-Leland went on to opine that Plaintiff only had the ability to carry 10 pounds occasionally and less than 10 pounds frequently. (*Id.* at 881.) It was rational for the ALJ to conclude that these opined-to limitations were inconsistent with Dr. Koss-Leland's examination findings regarding Plaintiff's strength. This is true even though Dr. Koss-Leland's examination findings also noted some pain during the range-of-motion test and sharp pain during the straight-leg raise test (R. 880)—reasonable people could disagree about whether Dr. Koss-Leland's opined-to limitations could be reconciled with her overall set of examination findings. And "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

B. **Symptom Testimony**

Another argument raised in Plaintiff's opening brief is that the ALJ erred when rejecting her symptom testimony. (Doc. 22 at 15-17.) The R&R recommends that this challenge be rejected. (Doc. 25 at 20-22.) On the one hand, the R&R concludes that one of the ALJ's proffered reasons for rejecting Plaintiff's symptom testimony (failure to report acute distress when meeting with medical providers) was legally insufficient. (*Id.*) On the other hand, the R&R concludes that the ALJ could have permissibly founds that Plaintiff's "plainly extreme testimony" that "she is incapable of standing for more than five minutes

at a time, and that she must lie down for up to three quarters of the day because of pain," was contradicted by evidence that Plaintiff repeatedly presented for treatment with a normal gait and without an assistive device. (*Id.*)

In her objections, Plaintiff argues that the R&R's analysis of her symptom testimony was flawed because it "found [that] the only convincing reason to reject the symptom testimony is use of an assistive device less than 100 percent of the time" and that, because Plaintiff "only uses an assistive device if imbalanced," there was noting discrediting about the fact that "she had many medical appointments where she did not need an assistive device." (Doc. 26 at 2-4.)

These objections lack merit. As an initial matter, the R&R did not focus solely on Plaintiff's inconsistent use of a cane as a reason why the ALJ could have permissibly discounted her symptom testimony—it also focused on the evidence that Plaintiff repeatedly presented for treatment with a normal gait. Plaintiff does not address that evidence in her objections, much less establish that the R&R's analysis of that evidence was legally flawed. This provides an independent basis for affirmance. *Thomas,* 474 U.S. at 149-50; *Reyna-Tapia*, 328 F.3d at 1121.

At any rate, although Plaintiff identifies reasons why a different ALJ could have perhaps found no inconsistency between Plaintiff's intermittent cane usage and Plaintiff's testimony, it was rational for this ALJ to make a finding of inconsistency. And again, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas,* 278 F.3d at 954.

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

(1)   Plaintiff's objections to the R&R (Doc. 26) are **overruled**.

(2)   The R&R (Doc. 25) is **adopted**.

(3)   The decision of the ALJ is **affirmed**.

(4)   The Clerk shall enter judgment accordingly and terminate this action.

Dated this 25th day of April, 2022.

Dominic W. Lanza
United States District Judge